# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–12–1102

| | |
|---|---|
| REGINA FOLEY | Opinion Delivered September 25, 2013 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTEENTH DIVISION |
| V. | [NO. 60DR–06–299] |
| SEAN FOLEY | HONORABLE VANN SMITH, JUDGE |
| APPELLEE | |
| | SUPPLEMENTAL RECORD AND REBRIEFING ORDERED |

**WAYMOND M. BROWN, Judge**

Appellant Regina Foley appeals from the trial court's order granting appellee Sean Foley's motion to modify visitation and to relocate with the parties' two minor daughters. Appellant argues on appeal that this court should overrule *Hollandsworth v. Knyzewski*[1] and that the *Hollandsworth* presumption prevented a true best–interest analysis. Alternatively, appellant argues that the trial court misapplied the *Hollandsworth* presumption and should be reversed. We do not reach the merits of appellant's arguments due to deficiencies in the record, abstract, and addendum. Therefore, we remand for supplementation of the record and rebriefing.

---

[1]353 Ark. 470, 109 S.W.3d 653 (2003).

If anything material to either party is omitted from the record, by error or accident, we may direct that the omission or misstatement be corrected, and, if necessary, that a supplemental record be certified and transmitted.[2] The parties were divorced by decree on January 30, 2007, and the initial custody award was contained in that decree. Motions were subsequently filed for modification of the custody award, and appellee was granted temporary physical and legal custody of the children. On October 29, 2007, the parties entered into a modified custody order, granting appellee custody of the children. In February 2009, appellant filed a motion to modify custody, which was denied. Because these documents are not contained in the record, we remand this case to supplement the record. Appellant has thirty days from the date of this opinion to file a supplemental record.

Arkansas Supreme Court Rule 4–2(a)(5)(A)[3] provides that all material parts of a transcript must be abstracted. Here, appellant has failed to abstract the attorney ad litem's recommendations, although they were mentioned in the order. We cannot review this case without a brief that outlines all of the evidence considered by the trial court. Additionally, because material documents were not contained in the record, they were likewise not included in the addendum. Arkansas Supreme Court Rule 4–2(a)(8)[4] requires an appellant to submit a brief including an addendum that contains "true and legible copies of the non-

---

[2]Ark. R. App. P.–Civ. 6(e) (2012); *Jenkins v. APS Ins., LLC*, 2012 Ark. App. 368.

[3](2012).

[4](2012).

transcript documents in the record on appeal that are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal."

Due to the deficiencies in appellant's abstract, brief, and addendum, we order appellant to file a substituted brief that complies with our rules.[5] The substituted brief, abstract, and addendum shall be due fifteen days after the record is supplemented.[6] We remind counsel that the examples we have noted are not to be taken as an exhaustive list of deficiencies.[7] Counsel should carefully review the rules to ensure that no other deficiencies exist. Failure to file a compliant brief within fifteen days could result in the trial court's decision being summarily affirmed for noncompliance with our rules.[8]

Supplemental record and rebriefing ordered.

HARRISON and WYNNE, JJ., agree.

*Dodds, Kidd & Ryan*, by: *David W. Kamps* and *Adrienne Griffis*, for appellant.

*Hilburn, Calhoon, Harper, Pruniski & Calhoun, Ltd.*, by: *Traci LaCerra* and *Mary Claire McLaurin*, for appellee.

---

[5]Ark. Sup. Ct. R. 4-2(b)(3).

[6]*Id.*

[7]For example, appellant's abstract does not include references to the addendum pages where the exhibits referred to appear as required by Ark. Sup. Ct. R. 4-2(a)(5)(A).

[8]Ark. Sup. Ct. R. 4-2(c)(2).